The document below is hereby signed.

Signed: February 6, 2019

_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
BRITTNEY RANDOLPH,             )   Case No. 18-00802
                               )   (Chapter 7)
        Debtor.                )   Not to be Published in
                               )   West's Bankruptcy Reporter.

MEMORANDUM DECISION AND ORDER DISMISSING CASE FOR
FAILURE TO FILE CERTIFICATE OF PREPETITION CREDIT COUNSELING

The debtor has filed a postpetition certificate of credit counseling (Dkt. No. 23) and the debtor does not qualify as a debtor under 11 U.S.C. § 109(h). Accordingly, the case must be dismissed.

I

The debtor commenced this case by filing a voluntary petition on December 19, 2018. The debtor filed a certificate of credit counseling on December 28, 2018, which certified that the debtor received credit counseling **postpetition** on December 21, 2018. The court issued an order on January 30, 2019, requiring the debtor to file a certificate of **prepetition** credit counseling or show cause why the case ought not be dismissed.

The debtor responded to the court's order to show cause by

filing emails showing that she started the credit counseling course on December 19, 2018, and finished the online course work on that date, but failed to complete the final briefing until December 21, 2018. The emails sent by 001 Debtorcc,Inc., the credit counseling agency, indicate that the debtor informed it on the phone that she had technical issues with logging into the chat to complete the final briefing. This evidence would be hearsay, and cannot be considered for the truth of the matter as to whether the debtor did in fact experience technical issues with logging into the final briefing portion of the course. However, as I will discuss in greater detail below, even if the debtor did experience technical issues on December 19, 2018, she would still not qualify for an exception to file a certificate of prepetition credit counseling.

II

Under § 109(h)(1), a person may not be a debtor if that person has not received a certificate of credit counseling within 180 days prior to the filing of a case in bankruptcy. However, under § 109(h)(3)(A), the debtor is excused from filing a certificate of prepetition counseling if the debtor:

>   submits to the court a certificate that—
>
>> (I) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>>
>> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the

      services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made the request; and

          (iii) is satisfactory to the court.

The debtor does not indicate any exigent circumstances that merit a waiver of the requirement that the debtor obtain prepetition counseling.  Moreover, the debtor's response indicates that the debtor was able to obtain credit counseling during the 7-day period after requesting it.  The debtor requested credit counseling on December 19, 2018, and completed it on December 21, 2018.  Even if the debtor experienced technical difficulties in completing the course on December 19, 2018, she still completed the course within three days of requesting it.  Finally, the certificate is not satisfactory to the court.

Credit counseling is readily available.  A debtor ought to take reasonable steps to assure that such counseling has been completed before filing a petition, instead of waiting until the equivalent of the last minute before attempting to satisfy the statutory requirement.

III

For all of these reasons, it is

ORDERED that the above-captioned case is DISMISSED.

[Signed and dated above.]

Copies to: Debtor (by hand-mailing); all entities on the BNC mailing list.